# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION NO. 17-1439 C

Jorge Arias and Angel Arias
Plaintiff

v.

City of Everett
Mayor Carlo DMaria
Police Officer Jason Leonard of Everett P.D.
Police Officer Chris Hannon of Everett P.D.
Chief of Police, Everett, Steven Mazzie
Home Depot
Kris Gaff

COMPLAINT
and
JURY DEMAND

FILED
ESSEX SUPERIOR COURT
2017 SEP 22 A 11: 16

## COMPLAINT

### INTRODUCTION

1. The Plaintiffs, Jorge Arias and Angel Arias bring this tort and civil rights action against Everett Police Officers, Jason Leonard, Chris Hannon, Kris Gaff, Chief of Police of the Everett Police Department, Steven Mazzie and the city of Everett, Mayor Carlo DeMaria and the Home Depot Corporation and its security officer, Kris Gaff (who is the same individual as the police officer, Kris Gaff). This is an action at law to redress injury and financial loss and the deprivation of rights under color of statute, and arising under the law and statutes of the Commonwealth of Massachusetts.

### JURISDICTION

2. This action is brought pursuant to the Massachusetts Declaration of Rights, M.G.L. c. 12, 11-H and 11-L, and Massachusetts tort law.

3. Jurisdiction is based upon the aforementioned constitutional and statutory provisions of state law. Venue is also proper as the Plaintiffs reside in Essex county.

### STATEMENT OF FACTS RELEVANT TO ALL COUNTS:

4. The plaintiff, Jorge Arias was tried on a criminal complaint in the Malden District Court. Testimony was presented that on February 27, 2007. Officer Leonard of the Everett Police Department was working a paid detail at the Home Depot Store in Everett. He testified that at approximately 8:00 PM, while he was standing outside of the garden center in the front of the Home Depot, that he heard a noise that attracted his attention to the garden center. He testified that he turned and saw a male inside the garden center throw boxes over the fence that enclosed the garden

center. He saw the man walk into the interior of the store. He then decided to drive his personal truck over to the area where he saw the boxes outside of the fence. He saw a truck drive up to the boxes and a man get out and he confronted the man. The man got into the truck and lurched toward him before shifting the truck into reverse and driving away behind the store. Everett police officers pursued the truck around the shopping complex and followed the truck all the way to the Tobin Bridge before supervisors called off the pursuit and the officers lost sight of the truck. The Chelsea and Boston Police Departments were also involved in the pursuit of the truck. A short time later, Officer Leonard responded to an address in East Boston where the Boston police were holding Mr. Arias in custody. Officer Leonard identified Mr. Arias as the person he had seen outside of Home Depot. He described the man as a "Hispanic male". Officer Leonard testified that his face was "burnt in his memory".

5. A second officer, Officer Hannon, was also involved in the pursuit and he testified that he could not identify the defendant, although the defendant "came right at him" and was "inches away". The Everett Police Department's case against Mr. Arias was based on the identification of Mr. Arias by Officer Leonard.

6. A Home Depot security/loss prevention employee, Kris Gaff, testified that the value of the goods recovered outside of the fenced in area was $816.00. He also testified that he had reviewed a store surveillance video of the suspect and that he was unable to identify the defendant as the person in that video. He also testified that it was common for people who looked and dressed like the defendant to be in the Home Depot in Everett. Home Depot and Kris Gaff failed to produce said video to Court at the trial in this matter.

7. Trial counsel, Atty. Vincent Camarano called José Palacios to testify. He testified that he loaned his truck to Mr. Arias on the evening of February 27, 2007, so that the defendant could get to work. He testified that the truck was in poor condition and would not have been able to drive high speeds. Mr. Arias professed his innocence to said charges. He testified that on the night in question, he was working in Peabody and after work, he drove straight home to East Boston. He testified that he had never been at the Home Depot in Everett and that he did not even know where it was located.

8. The jury trial concluded on August 4, 2008 and Mr. Arias was convicted in the Malden Division of the District Court Department before Judge Nestor, presiding justice. He was found guilty of the following offenses: larceny over $250, assault with a dangerous weapon, and reckless operation of a motor vehicle. He was sentenced to serve 4 1/2 years, at the Middlesex County House of Correction.

9. Mr. Arias professed his innocence to said charges. He never admitted nor pled guilty to the criminal conduct he was charged with. He was not arrested at the scene of said crime at the Home Depot. The case was based on the false identification of Mr. Arias by Officer Leonard. The police failed to follow standard operating procedures regarding identification testimony. The Everett Police Department failed to produce the turret tapes for trial and the Home Depot failed to produce the video surveillance.

10. At the time of the trial, Mr. Arias, a native of El Salvador, was a legal resident of the United States pursuant to temporary protected status. After serving the sentence, Mr. Arias was ordered deported from the United States due to the convictions in the instant matter. The United States Department of Homeland Security took custody of him and he was incarcerated pending proceedings in the Immigration Court. Mr. Arias also had an 11-year-old son, Angel, a United States citizen, for whom he had sole legal and physical custody since June 9, 2004. Mr. Arias maintained a home for himself and his son, prior to the convictions in the instant matter. Angel had no contact with his mother.

11. Mr. Arias previously applied for asylum on November 11, 1993 but he was not interviewed regarding his application until March 20, 2007 and relief was denied. Mr. Arias applied again during immigration proceedings in 2012 but his application was pretermitted due to the alleged criminal convictions in the instant matter. Mr. Arias continued to remain in detention. He was held in detention at the Plymouth County House of Correction and the Middlesex County House of Correction, at times.

12. Angel Arias had to live with his aunt and uncle, Maria Arias and Jose Palacios, while his father was incarcerated for over four years. His aunt, Maria Arias, took him to counseling at North Suffolk Mental Health Association. School records show that Angel Arias had a difficult time in school during this period of time. Angel was sad and he would cry every day because his father was not there. His aunt and uncle would take him to the correctional facility where Mr. Arias was incarcerated, however, his father, was incarcerated in Billerica and then later in Plymouth. Neither of these facilities were very close to his aunt and uncle's residence so he was not able to visit his father very frequently. Angel became angry and depressed as a result of the separation from his only parent, his father. His grades in school suffered and he had to repeat a grade. He did not get in trouble in school but he would not do his work. Angel Arias did not have a father for over four years and he will never get that time with his father back.

13. Mr. Arias' family retained undersigned counsel to represent Mr. Arias in the immigration proceedings. Mr. Arias, through counsel filed appeals in the immigration proceedings and also a Motion for New Trail in the instant matter. Exculpatory evidence that was not produced or disclosed to the defense, specifically a call log record from the Chelsea police Department indicated that there were three suspects occupying the black pickup truck that the officers were chasing and not just one occupant as officer Leonard testified to and wrote in his police report.

14. At a hearing in the Malden Division of the District Court Department before Judge Nestor, presiding justice, the evidence of the call log was presented and the Court granted the Motion for a New Trial and vacated the convictions in the instant matter. Mr. Arias was released from Immigration custody on a bond on January 17, 2013 due to the fact that his convictions on the instant matter were vacated. Evidence of the call log was also admitted into evidence at the new trial and Mr. Arias was found Not Guilty on all the charges on September 24, 2014.

15. He continues to accrue legal fees as he seeks to address his status in Immigration Court. Mr. Arias maintained a household prior to his conviction and lost everything when he was sentenced to serve 4 1/2 years. Once he was released from incarceration, he had to begin anew the process of furnishing a household for himself and his son. The plaintiff, Jorge Arias committed no crimes, did nothing wrong and is a victim in this matter.

16. As a direct result of said negligence, the plaintiff Jorge Arias was arrested, tried, convicted and sentenced to 4 ½ years in jail. During his incarceration, he became depressed and lost all hope and lost complete control over his life, he felt subhuman as he was ordered to comply with all rules of the prison where he was held. He lost his home and could not be a father to his minor son. He missed important events in his son's life. He suffered severe emotional distress, anxiety, post-traumatic stress, and embarrassment, loss of employment and opportunities, and loss of residency costing him thousands to recoup as he was placed into deportation proceedings as a result of his convictions. The minor plaintiff, Angel Arias lost his only parent as his father was incarcerated for 4 ½ years. He cried everyday as he lost the comfort and emotional support of his father. He was required to see his father in jail when his aunt or uncle could take him for a visit. He was without material items he needed due to a lack of income as his father was in jail. He suffered depression, severe emotional distress, anxiety, post-traumatic stress, and embarrassment because his father was in jail. He was unable to progress in his school work due to all of the above.

PARTIES

17. At all material times, Plaintiffs were and still are citizens of the United States and reside in the city of Lynn, Essex County, Commonwealth of Massachusetts.

18. The City of Everett is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts. Mayor Carlo DeMaria is the chief executive officer for said municipality while defendants, Chief of Police Steven Mazzie, police officer Jason Leonard and police officer Chris Hannon are employed by the city of Everett, Everett Police Department.

19. On information and belief: at all material times, Defendant police officers Leonard and Hannon are/were employed by the City of Everett and duly appointed as police

officers. At all material times, Mayor Carlo DeMaria was and is the chief executive officer for the city of Everett and Chief of Police, Steven Mazzie was and is employed by the City of Everett and duly appointed as Chief of the Everett Police Department.

20. The defendants, officers Leonard and Hannon are sued in their official capacity as police officers and in their individual capacities. Additionally, defendant Leonard was working a paid detail on behalf of the Home Depot. Home Depot is liable for the actions of Officer Leonard while he was on a paid detail.

21. On information and belief: the defendant, Mayor Carlo DeMaria is responsible for the hiring, training, control and supervision of the defendant, Police Chief, Steven Mazzie. He is sued in his official capacity as Mayor of the City of Everett and in his individual capacity. Police Chef Steven Mazzie is sued in his official capacity as chief officer of the Everett Police Department and in his individual capacity. As Chief of Police, he is responsible for formulating policy, rules, regulations, custom, control, hiring, supervision, training and the discipline of officers for the Everett Police Department.

22. The defendant, Home Depot U.S.A., Inc. ("Home Depot") is a Delaware Corporation with its principal place of business in Atlanta, Georgia at 2455 Paces Ferry Road, N.W. Home Depot may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808. On information and belief: at all material times, defendant Kris Gaff was employed by the Home Depot, Everett, Massachusetts in the Security/loss prevention department. The Home Depot is liable under the theory of vicarious liability for the actions of its employees, including Kris Gaff. At the second trial in this matter, Kris Gaff was employed by the City of Everett as a police officer. Kris Gaff is sued in his official capacity as a police officer and in his individual capacity.

23. On information and belief, at all material times, Defendants were acting under color of their official capacity as officers of the Everett Police Department and /or employees of the Everett Police Department and as persons and their acts complained of were performed under color of state law, to wit: under color of the statutes of the Commonwealth of Massachusetts and, ordinances, regulations, customs and policies of the Everett Police Department. At all material times the defendants acted intentionally, negligently, recklessly and with calous disregard for Plaintiffs' rights, causing injury to the Plaintiffs and depriving Plaintiffs of the rights, privileges and immunities secured to him by the Fourteenth Amendment to the United States Constitution by the laws of the United States and the Commonwealth of Massachusetts.

24. On information and belief, at all material times, the defendants were servants, agents and employees of defendant, City of Everett and/or its Police Department. The City of Everett and the Everett Police Department provided each of them with an official badge and identification card which designated and described its bearer as a police officer /employee of the Everett Police Department. At all material times, the defendants acted in concert pursuant to the city of Everett Police Department rules, regulations, procedures, policies, custom, deficiencies and omissions. The other defendants also acted in concert with defendant, Kris Gaff.

25. On information and belief, the City of Everett is a municipal corporation charged with and responsible for appointing and promoting through the Mayor of Everett, the members of the Everett Police Department and for the supervision, training, instruction, discipline, control and conduct of the members of the Everett Police Department and its personnel and at all relevant times, the defendant municipality had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Everett Police Department were consistent with the Constitutions and laws of the Commonwealth of Massachusetts and the United States and with the laws of the municipality.

26. As a direct and foreseeable consequence of the defendants' wrongful acts and omissions, plaintiff, Jorge Arias suffered incarceration, loss of income, loss of his home, anguish, anxiety, and posttraumatic stress, loss of being able to parent his minor son who he had custody of. As a direct and foreseeable consequence of the defendants' wrongful acts and omissions, plaintiff, Angel Arias suffered loss of his home, anguish, anxiety, and posttraumatic stress, loss of his father who had custody of him.

## COUNT I – CIVIL RIGHTS VIOLATIONS UNDER M.G.L. C. 12, SECTION 11H-I

27. The above paragraphs are incorporated by reference.

28. The defendants interfered by means of threats, intimidation, and coercion with the plaintiff's exercise and enjoyment of the rights secured to him by the Constitution of the United States, by the Massachusetts Declaration of Rights, and by the laws of the Commonwealth of Massachusetts.

29. As a direct and proximate result of this conduct, the Plaintiff suffered the injuries and damages described above.

## COUNT II - DELIBERATE INDIFFERENCE

30. The above paragraphs are incorporated by reference.

31. The defendants recklessly, and with callous disregard for the rights of individuals, such as plaintiffs', trained, encouraged and allowed the defendant officers to disregard the rights of accused individuals and implemented a policy, practice, or custom with regard to the seizure and identification of accused individuals, such as Plaintiff, to deprive those individuals of their rights.

32. As a direct result of the defendants' callous and reckless disregard of the rights of individuals, including the plaintiffs, with respect to the training of defendant officers, the plaintiffs were denied the rights secured to them by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

33. As a direct result of defendants' reckless and callous disregard of the plaintiffs' rights, plaintiffs suffered, and will continue to suffer the injuries and damages described above.

## COUNT III - NEGLIGENT TRAINING

34. The above paragraphs are incorporated by reference.

35. The defendant Chief Mazzie, officer in charge of training and the defendant, Mayor DeMaria negligently and improperly trained the defendant officers with respect to the pursuit and detention of accused individuals, identification procedures, investigatory techniques and the seizure of evidence, applicable Massachusetts and federal laws, and Everett Police Departmental rules, regulations, procedures and policies.

36. As a direct result of defendant Chief Mazzie and defendant Mayor DeMaria's negligence with respect to the training of the dDefendant Officers, the plaintiffs suffered injuries and damages as described above.

## COUNT IV - NEGLIGENT SUPERVISION

37. The above paragraphs are incorporated by reference.

38. Defendant senior officer and defendants Mayor and City of Everett negligently and improperly supervised the Defendant officers with respect to the pursuit and detention of accused individuals, identification procedures, investigatory techniques and the seizure of evidence, and detention of accused individuals with respect to Massachusetts and federal laws, and Springfield Police Departmental rules, regulations, procedures and policies.

39. As a direct result of defendants negligence with respect to the supervision of the defendant Officers, the plaintiff, Mr. Arias suffered life altering effects to include incarceration and psychological injuries and will, continue to suffer physical and mental injuries.

## COUNT-V MASS. TORT CLAIMS ACT

40. The above paragraphs are incorporated by reference.

41. The Plaintiff has complied with all conditions precedent under the Massachusetts Tort Claims Act and did, pursuant to General Laws, c. 258, section 4, present his claim in writing to the Mayor and City Solicitor, by mailing to them by certified mail, return receipt requested-signature confirmation, a notice of claim setting forth the name and address of the Plaintiff, the nature of the claim, the time when, the place where, and the manner in which the claim arose, and the items of damage or injuries claimed to have been sustained as far as then practicable.

42. The defendant Mayor Dominic Sarno has failed, refused or neglected either to acknowledge said Plaintiff's claim in writing within six months after the date upon which it was presented, or to authorize the payment thereof, and by virtue of law the same are deemed to be rejected or denied.

43. As a result of the defendant Mayor Dominic Sarno rejecting or denying plaintiff's claim, plaintiff has suffered additional emotional distress in addition to his usual physical and psychological pain he suffers as a direct and proximate results of the of the actions and omissions of the defendants.

## COUNT VI -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. The above paragraphs are incorporated by reference.

45. The defendants Leonard and Hannon and the defendants Home Depot and Kris Gaff' behaved intentionally and outrageously in inflicting pain, fear, and humiliation upon the plaintiff. Specifically, defendants seized the plaintiff, arrested him, falsely accused him and falsely testified against him causing him to be convicted. The Plaintiff suffered extreme emotional distress, as would a reasonable person under the circumstances, which resulted in physical harm to the Plaintiff manifested by objective symptoms, including but not limited to physical symptoms related to severe anxiety, mental anguish, and emotional distress.

46. As a direct and proximate result of the conduct of the defendants, as described above, the plaintiff has suffered physical and emotional injures, and other actual, consequential and incidental damages. Plaintiff will continue to so suffer in the future.

## COUNT VII-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

47. The above paragraphs are incorporated by reference.

48. The defendants Leonard and Hannon and the defendants Home Depot and Kris Gaff's negligence caused the Plaintiffs to suffer extreme emotional distress, as would a reasonable person under the circumstances, which resulted in physical harm to the Plaintiff manifested by objective symptoms, including but not limited to physical symptoms related to severe anxiety, mental anguish, and emotional distress.

49. As a direct and proximate result of the conduct of the defendants, as described above, the plaintiff has suffered physical and emotional injuries, and other actual, consequential and incidental damages. Plaintiff will continue to so suffer in the future.

### COUNT VIII– FALSE IMPRISONMENT

50. The above paragraphs are incorporated by reference.

51. The defendants Leonard and Hannon and the defendants Home Depot and Kris Gaff committed the common law tort of false imprisonment by physically arresting Mr. Arias without probable cause. Mr. Arias was illegally confined against his will.

52. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

### COUNT IX– ABUSE OF PROCESS

53. The above paragraphs are incorporated by reference.

54. The defendants Leonard and Hannon and the defendants Home Depot and Kris Gaff acted maliciously, wantonly and oppressively with regard to Mr. Arias' rights. Officers Leonard and Hannon caused court papers to issue by applying for a criminal complaint against Mr. Arias, swearing under oath, knowing that the information he submitted was false.

55. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

### COUNT X– MALICIOUS PROSECUTION

56. The above paragraphs are incorporated by reference.

57. The defendants Leonard and Hannon and the defendants Home Depot and Kris Gaff, caused criminal charges to be brought and continued against Mr. Arias without probable cause and with malice. The criminal charges were disposed of favorably at the retrial in the instant matter.

58. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

### COUNT XI– WRONGFUL CONVICTION

59. The above paragraphs are incorporated by reference.

60. The defendants Leonard and Hannon, Gaff and Home Depot testified against Mr. Arias. As a result of the false identification of Mr. Arias, he was wrongly convicted. The defendant Gaff failed to produce Home Depot video surveillance that would have exculpated Mr. Arias and the City of Everett failed to produce the turret tapes that would have exculpated Mr. Arias. The criminal charges were disposed of favorably at the retrial in the instant matter.

61. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

## COUNT XII– FALSE ARREST

62. The above paragraphs are incorporated by reference.

63. The defendants Leonard and Hannon arrested Mr. Arias and the defendants, Gaff and Home Depot caused the defendant to be arrested. Said arrest was without probable cause. The plaintiff can show by a fair preponderance of the evidence that the defendant Leonard falsely accused the plaintiff and the other defendants supported the false accusations. The defendant Gaff failed to produce Home Depot video surveillance that would have exculpated Mr. Arias and the City of Everett failed to produce the turret tapes that would have exculpated Mr. Arias. The criminal charges were disposed of favorably at the retrial in the instant matter.

64. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

## COUNT XIII– DEFAMATION, Libel and Slander

65. The above paragraphs are incorporated by reference.

66. The defendants Leonard and Hannon, Gaff and the Home Depot published a false and defamatory statement of and concerning the plaintiff, Mr. Arias. They knew that the statement was false and that it defamed the plaintiff or they acted in reckless disregard of these matters or they acted negligently in failing to ascertain whether the statement was true, false or defamatory before publishing it. They accused Mr. Arias of being a thief and reckless driver.

67. As a direct and proximate result of the publication, the plaintiffs received the injuries and damages as described above.

## COUNT XIV–NEGLIGENCE

68. The above paragraphs are incorporated by reference.

69. The defendants Leonard and Hannon, Gaff and Home Depot acted negligently when they identified the plaintiff as the suspect and failed to properly investigate the matter. The other defendants acted in concert and failed to prevent harm to the plaintiff due to Everett Police Department's policy, practice, custom, acts, omissions or systematic deficiency.

70. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

## COUNT XV –PENDENT CAUSES OF ACTION

71. The above paragraphs are incorporated by reference.

72. The above described acts and omissions of the defendants committed under the color of law and under the color of their authority as duly appointed police officers amounted to interference and intimidation concerning all of the rights secured to the plaintiff by the constitution and laws of the Commonwealth, including but not limited to, the following rights:

    a. freedom from the unlawful seizure of his person;

    b.    freedom from deprivation of liberty without due process;

    c.    freedom from the use of unreasonable, unjustified and excessive force;

    d.    freedom from cruel and unusual punishment;

    e.    freedom from summary punishment

73. As a direct and proximate result the plaintiffs received the injuries and damages as described above.

## PRAYERS FOR RELEIF

WHEREFORE Plaintiffs demand judgment against each defendant. Plaintiffs request that this Honorable Court award the Plaintiffs:

compensatory damages and exemplary damages;

punitive damages in an amount to be determined at trial against all;

reasonable costs and attorney's fees

any other such further relief as this court deems just and proper and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT BY A JURY IN THE WITHIN ACTION.

Plaintiffs,
by their attorney

*[signature]*
RAYLENE WENTZ SANDOVAL
BBO #653836
111 Everett Ave., 2A
Chelsea, MA 02150
617-884-0800

## VERIFICATION

I, Raylene M. Wentz Sandoval, am the attorney of record in this matter and I hereby attest that I have read the verified complaint. The allegations contained in it are based on information and belief and based on records I have obtained and read.

Signed under the pains and penalties of perjury this 21st day of September, 2017.

*[signature]*
RAYLENE WENTZ SANDOVAL
BBO #653836
111 Everett Ave., 2A
Chelsea, MA 02150
617-884-0800

**COMMONWEALTH OF MASSACHUSETTS**
**COUNTY OF ESSEX**
**THE SUPERIOR COURT**



Civil Action No. 17-1439C

Jorge Arias and Angel Arias

VS.

City of Everett, et al and the Home Depot

### NOTICE OF APPEARANCE

**TO THE CLERK OF THE ABOVE NAMED COURT:**

Please enter my appearance as attorney for       Plaintiffs

in the above entitled action.

Date:  9/21/17

Signature: [signature]

Print name:
Address: WENTZ LAW OFFICES
         RAYLENE M. WENTZ-SANDOVAL
Address: ATTORNEY AT LAW
City/State/Zip: 111 EVERETT AVENUE, SUITE 2A
                CHELSEA, MA 02150
BBO#: 653,836
Phone Number: +1 (617) 884-0800

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 17-1439C | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Jorge and Angel Arias | | COUNTY Essex |
| ADDRESS: 521 Essex Street, Lynn, MA 01902 | | |
| | DEFENDANT(S): City of Everett, mayor DeMaria, Chief of Police, Steven Mazzie, Officers Jason Leonard, Chris Hannon, Kris Gaff, the Home Depot and Kris Gaff | |
| ATTORNEY: RAYLENE M. WENTZ-SANDOVAL | | |
| WENTZ LAW OFFICES ATTORNEY AT LAW 111 EVERETT AVENUE, SUITE 2A CHELSEA, MA 02150 | ADDRESS: 45 Elm Street, Everett, MA 02149 (police) 484 Broadway, City Hall, Everett, MA 02149 (Mayor) 2711 Centerville Rd., Suite 400, Wilmington, DE, 19808 (Home Depot) | |
| BBO: 653836 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Tort Action | F | ☒ YES ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................................................. $
 2. Total doctor expenses .................................................................. $
 3. Total chiropractic expenses .......................................................... $
 4. Total physical therapy expenses .................................................. $
 5. Total other expenses (describe below) ......................................... $
  Subtotal (A): $

B. Documented lost wages and compensation to date ...................... $ 200,000.00
C. Documented property damages to dated ....................................... $ 50,000.00
D. Reasonably anticipated future medical and hospital expenses ....... $
E. Reasonably anticipated lost wages ................................................ $ 200,00.00
F. Other documented items of damages (describe below) ................. $ 50,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Severe Emotional distress, anxiety, PTSD, depression, unlawful confinement in a prison for 5 years
minor son also suffered the same and loss of companionship.

TOTAL (A-F):$ 500,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Mass. Tort action against Police and City of Everett for wrongful conviction. Plaintiff served 5 years in prison and was exon[e]r[ated]
minor son had no father for this period.

TOTAL: $ 500,000.00

Signature of Attorney/Pro Se Plaintiff: X       Date: 09/21/2017

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X       Date: 09/21/2017